UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L<span>IONEL</span> F. S<span>WAN</span>,

Plaintiff,

v.

W<span>ASHTENAW</span> I<span>NTERMEDIATE</span> S<span>CHOOL</span> D<span>ISTRICT</span>, a Michigan intermediate school district, S<span>COTT</span> A. M<span>ENZEL</span>, in his official capacity, C<span>ASSANDRA</span> D. H<span>ARMON</span>-H<span>IGGINS</span>, individually and in her official capacity, and P<span>ROFESSIONAL</span> E<span>DUCATIONAL</span> S<span>ERVICES</span> G<span>ROUP</span>, LLC,

Defendants.
_____/

Case No. 16-cv-10384

U<span>NITED</span> S<span>TATES</span> D<span>ISTRICT</span> C<span>OURT</span> J<span>UDGE</span>
G<span>ERSHWIN</span> A. D<span>RAIN</span>

U<span>NITED</span> S<span>TATES</span> M<span>AGISTRATE</span> J<span>UDGE</span>
D<span>AVID</span> R. G<span>RAND</span>

**O<span>PINION AND</span> O<span>RDER</span> D<span>ENYING</span> D<span>EFENDANTS</span>' M<span>OTION TO</span> D<span>ISMISS</span> [33]**

**I. I<span>NTRODUCTION</span>**

Plaintiff filed a complaint on February 2, 2016, against the Washtenaw Intermediate School District ("WISD"), three employees of the District, and Professional Educational Services Group ("PESG"). The initial claims against PESG were only for discrimination and retaliation under the Elliot Larsen Civil Rights Act, M<span>ICH</span>. C<span>OMP</span>. L<span>AWS</span> § 37.2101 *et seq.*, and civil conspiracy. Dkt. No. 1 at 13, 20, 25 (Pg. ID No. 13, 20, 25). On March 30, 2016, Plaintiff filed an amended complaint which added discrimination and retaliation claims against

PESG under Title VII and the ADEA. Dkt. No. 24 at 13, 17–21 (Pg. ID No. 167, 171–75).

Defendant PESG now moves to dismiss all Title VII and ADEA claims against it (Counts I, III, IV, and V) pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 33 at 22 (Pg. ID No. 270). The Motion is fully briefed. After reviewing the briefing, the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the Motion on the briefs as submitted. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons discussed below, the Court will **DENY** the Defendant's Motion.

## II. BACKGROUND

PESG is an educational staffing company that works with school districts to place its roster of substitute teaching professionals into open positions. Dkt. No. 24 at 5 (Pg. ID No. 159). Plaintiff was placed by PESG into WISD in 2010. *Id.* at 5–6 (Pg. ID No. 159–60). On March 3, 2015, Plaintiff was terminated by PESG. *Id.* at 11 (Pg. ID No. 165). Plaintiff claims to have been discriminated against because of his race and age by WISD and individual co-workers. *Id.* at 7–8 (Pg. ID No. 161–62). Plaintiff also claims that he gave notice to PESG of his treatment, but they did not investigate the complaints. *Id.* at 12 (Pg. ID No. 166).

Plaintiff filed a Charge of Discrimination with the Michigan Department of Civil Rights and the EEOC on April 23, 2015. *Id.* On the form, he identified

"WASHTENAW INTERMEDIATE SCHOOL DISTRICT/PESG" as his employer. The address and phone number provided, however, were only those of WISD. In the "Particulars" section, in which Plaintiff wrote a three paragraph explanation, he does not name PESG, but makes reference to "the company" and "their job site[s]" in addition to talking about the school. Dkt. No. 33 (Exhibit 1, Pg. ID No. 275). The EEOC Intake Questionnaire again named the employer as "WASHTENAW INTERMEDIATE SCHOOL DISTRICT/PESG" and only listed contact information for WISD. However, Plaintiff indicated that he was discriminated against by both his "Employer" and "Employment Agency" by checking the corresponding boxes in the form. *Id.* (Exhibit 1, Pg. ID No. 276).

The Notice of Charge of Discrimination from the EEOC Detroit Field Office was then sent to WISD only. *Id.* (Exhibit 1, Pg. ID No. 274). A Notice of Right to Sue was later issued by the EEOC on December 15, 2015. Dkt. No. 1 (Exhibit A, Pg. ID No. 31). The filled-in form was cc'd to "WASHTENAW INTERMEDIATE SCHOOL DISTRICT" and its counsel. An accompanying letter from the U.S. DOJ's Civil Rights Division contained in its heading, "Re: EEOC Charge Against Washtenaw Intermediate School Dist./PESG" and at the bottom also wrote "cc: [WISD] / PESG." *Id.* (Exhibit A, Pg. ID No. 33).

Plaintiff filed an additional charge with the EEOC on February 18, 2016 (sixteen days after filing the initial complaint in this lawsuit). This charge was

leveled specifically against PESG, included all necessary contact information for the company, and supplied details of PESG's involvement in Plaintiff's alleged discrimination. Dkt. No. 33 (Exhibit 2, Pg. ID No. 283). A Notice of Charge was sent to PESG on February 18, 2016, *Id.* (Exhibit 2, Pg. ID No. 282), then a Notice of Right to Sue on March 1, 2016. Dkt. No. 24 (Exhibit B, Pg. ID No. 192). Plaintiff's Amended Complaint was filed on March 30, 2016.

### III. L<small>EGAL</small> S<small>TANDARD</small>

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough 'to raise a right to relief above the speculative level' on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id*. at 678. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.' " *Id*. at 679.

## IV. DISCUSSION

Defendant PESG moves to dismiss Plaintiff's claims against it under Title VII and the ADEA for failure to exhaust administrative remedies. Dkt. No. 33 at 10 (Pg. ID No. 257). If an individual does not first present an employment discrimination claim under Title VII or the ADEA to the EEOC, that claim may

not be brought before federal courts. *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998). To be timely, a plaintiff must file a charge with the EEOC within 300 days after the alleged discrimination. 42 U.S.C. § 20003–5(e)(1); *see also Smith v. Grattan Family Enterprises, LLC*, No. 08-CV-14314, 2009 WL 536454, at *1, *4 (E.D. Mich. Mar. 3, 2009) (explaining that because Michigan is a deferral state, claimants have 300 and not 180 days). Failure to timely exhaust administrative remedies is then an appropriate basis for dismissal of an action. *Hoover v. Timken Co.*, 30 F. App'x 511, 513 (6th Cir. 2002).

Defendant argues that a proper EEOC charge against PESG was not filed within 300 days of the last incident of alleged discrimination (March 2015). At issue is (1) whether Plaintiff's first, timely EEOC charge filed in April 2015 was a legally sufficient charge against PESG and (2) whether the second February 2016 charge specifically against PESG (not filed within 300 days) was timely.

### A. The First EEOC Charge

29 C.F.R. § 1601.12(b) provides that "a charge is sufficient when the [EEOC] receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." To achieve this, the regulation says that "a charge *should* contain . . . [t]he full name and address of the person against whom the charge is made, if known," and "[a] clear and concise statement of facts, including pertinent

-6-

dates, constituting the alleged unlawful employment practices." § 1601.12(a) (emphasis added).

In deciding whether an individual correctly filed a claim with the EEOC, courts must construe charges liberally. *See Love v. Pullman Company*, 404 U.S. 522, 527 (1972); *see also Romain v. Kurek*, 836 F.2d 241, 245 (6th Cir. 1987) (In order to "prevent frustration of the remedial goals of Title VII . . . procedural exactness" is not required in stating a charge.). Additionally, cases that address the filing requirements for Title VII may serve as precedent for those under the ADEA and vice versa. *Coke v. General Adjustment Bureau, Inc.*, 640 F.2d 584, 587 (5th Cir. 1981) (explaining that the statutes share a common purpose of eliminating discrimination in the workplace and have nearly-identical filing requirements).

    a. *Proper Leniency*

Defendant argues that naming mistakes/inaccuracies on the 2015 charge should be afforded less leeway because Plaintiff was represented by counsel. Dkt. No. 40 at 1 (Pg. ID No. 627). The evidentiary support for this assertion, however, is that Plaintiff wrote the name of a law firm in the EEOC questionnaire under "16. Have you sought help about the situation from a union, an attorney, or any other source?" Dkt. No. 33 (Exhibit 1, Pg. ID No. 279). This alone fails to establish that Plaintiff had access to counsel for the purposes of filling out the charge document. It only indicates that there was some point in time in which he consulted with an

attorney about the discriminatory incidents. Moreover, the case cited by Defendant on this point, *Harris v. First Nat'l Bank of Hutchinson, Kan.*, 680 F. Supp. 1489 (D. Kan. 1987), is also not controlling on this court and should not be used to discard Supreme Court and Sixth Circuit precedent that asks for leniency in EEOC charge procedural requirements. *See Romain*, 836 F.2d at 245; *Love*, 404 U.S. at 527.

### b. Proper Naming

Although courts should be lenient with technicalities, the Sixth Circuit has held that "a party must be *named* in the EEOC charge before that party may be sued under Title VII, unless there is an identity of interest between the defendants." *Id.*; *see also Allen v. Lovejoy*, 553 F.2d 522, 525 (6th Cir. 1977); 42 U.S.C. § 2000e–5(g). "Merely referring" to a party in the charge is not "sufficient to give the court subject matter jurisdiction over that defendant." *Knafel v. Pepsi-Cola Bottlers of Akron, Inc.*, 899 F.2d 1473, 1480 (6th Cir. 1990).

If a defendant is properly named, "service of the EEOC charge upon the named defendants is not a jurisdictional prerequisite to institution of an action in the District Court." *Thornton v. East Texas Motor Freight*, 497 F.2d 416, 424 (6th Cir. 1974); *see also Edelman v. Lynchburg College*, 300 F.3d 400, 401 (4th Cir. 2002) ("Once a valid charge has been filed, a simple failure by the EEOC to fulfill its statutory duties regarding the charge does not preclude a plaintiff's Title VII

claim."); *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1321 (11th Cir. 2001) ("[A]ny deficiency in the EEOC's performance of its duties should not adversely affect a plaintiff's right to sue."); *Watson v. Gulf and Western Industries*, 650 F.2d 990, 992 (9th Cir. 1981) ("The EEOC's failure to serve the charge on [respondents] does not interfere with [claimant's] rights.").

Plaintiff argues that writing WASHTENAW INTERMEDIATE SCHOOL DISTRICT/PESG on the 2015 EEOC charge satisfied the requirement to "identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). Plaintiff cites District Court cases *Arnold v. Welch* and *Dickey v. Greene* for the proposition that naming a defendant "on the face of the charge" satisfies this filing requirement. *Arnold*, 1993 U.S. Dist. LEXIS 21104, at \*1, \*10–11 (E.D. Tenn. June 1, 1993); *Dickey*, 603 F. Supp. 102, 105 (E.D.N.C. 1984).

The court in *Arnold* denied an employer's motion to dismiss for failure to name a defendant because, while not listed in the proper box, the defendant "was *clearly* identified by plaintiff on the face of her charge as having discriminated against her." *Arnold*, 1993 U.S. Dist. LEXIS 21104, at \*11 (emphasis added). This identification was in the narrative section of the form which said plainly that the defendant in controversy made unwelcome sexual advances. *Id.* at \*4. In *Dickey*, a motion to dismiss was also denied because "plaintiff clearly noted defendant

Greene's name on the face of the form [in the narrative section] and gave specifics as to the alleged discrimination." 603 F. Supp. 102 at 108.

Plaintiff's 2015 charge does not resemble those in *Arnold* or *Dickey*. The narrative section does not name PESG and the boilerplate accusations do not make it clear that PESG played a specific role in the discrimination. Dkt. No. 33 (Exhibit 1, Pg. ID No. 275).

Plaintiff's strongest evidence that he properly named PESG is that he 1) wrote "/PESG" under employer name and 2) identified that he was discriminated against by both his employer and employment agency in the EEOC Intake Questionnaire.[1] Taken together, both pieces of evidence may still have "apprised the EEOC in general terms, of the alleged discriminatory parties and the alleged discriminatory acts." *Sosa v. Hiraoka*, 920 F.2d 1451, 1458 (9th Cir. 1990).

In *Robinson v. Macy's*, the court held that the plaintiff's Intake Questionnaire constituted a properly named charge. No. 14-cv-4937, 2014 WL 6997598, at *1, *7 (S.D.N.Y. Dec. 5, 2014). The plaintiff checked boxes and attached additional pages to the Intake Questionnaire detailing the defendants' alleged discriminatory acts, therefore intending for the EEOC to "take remedial action." *Id.*

---

[1] An EEOC Intake Questionnaire can, on its own, constitute a charge if the document reasonably can be construed to request agency action and appropriate relief on the employee's behalf. *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 404 (2008).

In this case, Plaintiff did check a box saying that an employment agency discriminated against him in the Questionnaire, but it is unclear whether details of PESG's discrimination were provided to the EEOC like in *Robinson*. Under question five of the form which asks for detail, Plaintiff just indicated that he was discharged on 2/1/15 and wrote "See attached sheets." Dkt. No. 33 (Exhibit 1, Pg. ID No. 277). The attachments have not been filed with the Court, so it is indeterminate whether the Questionnaire as a whole should be interpreted as a request to "take remedial action" against PESG.

Unlike the charges in *Arnold*, *Dickey*, or *Robinson*, Plaintiff's 2015 charge documents lack clear narration of specific discrimination against PESG in the narrative section or in the Questionnaire. Working in Plaintiff's favor, however, is that he wrote PESG into the employer box. Dkt. No. 33 (Exhibit 1, Pg. ID No. 275). No case law specifically addresses the legal implications of fusing defendants together with a "slash," but the Sixth Circuit has held that a name in the employer box may merely be a reference and not "naming." *See Knafel*, 899 F.2d at 1480. The court decided that the plaintiff in *Knafel* had not named two defendants when he wrote "Pepsi of Akron, subsidiary of General Cinema Corp." It explained that General Cinema Corp. only appeared in the employer box to refer to a characteristic of Pepsi of Akron, so upheld the District Court's finding that General Cinema Corp. was not named in the charge. *Id.* at 1480–81.

-11-

Unlike in *Knafel*, PESG is not referring to a characteristic of WISD (e.g. that WISD is run by PESG). Plaintiff claims that both defendants were written side-by-side because of a belief that they were "joint-employers" for the purposes of Title VII and the ADEA. Dkt. No. 24 at 13, 17 (Pg. ID No. 167, 171). That Plaintiff checked the employment agency box in the Questionnaire also corroborates that the charge forms made claims against two distinct parties (even if it is a joint-employer with WISD). With no case law to the contrary, PESG not being a mere reference would seem to at least bolster the case that it was named in Plaintiff's 2015 charge.

Because the Court is instructed to be lenient in deciding whether procedural requirements of charges are met, coupled with the fact that PESG appears in the employer box (and not as a mere reference), the Court finds that the filings were "sufficiently precise to identify" PESG, "and to describe generally the action or practices complained of." Such a finding means that any failure to notify PESG of the charge is the fault of the EEOC, and Plaintiff's administrative remedies were exhausted.

### B. The Second EEOC Charge

In addition to the Court finding that PESG was properly named in the first EEOC charge, Plaintiff has exhausted his administrative remedies because the

February 2016 charge is timely.[2] Though it was filed more than 300 days past the last incident of alleged discrimination in March 2015, the charge is not time-barred because it is an amendment that relates back to the April 2015 charge.

   *a. Relation Back Doctrine*

An EEOC charge can be amended and may "relate back to the date the charge was first received." 29 C.F.R. § 1601.12(b). To relate back, the amendment must either "cure technical defects or omissions[,] . . . clarify and amplify allegations made [in the original charge]," or "alleg[e] additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge." *Id.*

Plaintiff argues that the 2016 Charge of Discrimination will relate back to the 2015 charge because it "merely clarifies Defendant PESG's role in discriminating against Plaintiff," Dkt. No. 38 at 29 (Pg. ID No. 517), and is not the kind of substantive change that courts have refused to allow to relate back. [3] [4] In

---

[2] Defendant PESG does not dispute that it was sufficiently named in the 2016 charge.

[3] Amendments that name new parties or allege facts from a separate incident will not relate back. *See Marrero Rivera v. Dept. of Justice of Com. of Puerto Rico*, 821 F. Supp. 65, 70 (D. P.R. 1993) (The amendments which may relate back are "technical" amendments. The addition of new parties to a charge is a "substantive" amendment.)

[4] The case cited by Plaintiff, *Kohn v. GTE North*, was deemed a proper amendment because the latter charge alleged "additional facts growing out of the subject matter

response, Defendant argues that the 2016 charge was the first to name PESG. Dkt. No. 33 at 21 (Pg. ID No. 269).

While adding new parties to a charge is likely to be considered a substantive change, altering information about the parties in a later charge may be a clarifying, technical amendment. *See Hile v. Jimmy Johns Highway 55, Golden Valley*, 899 F. Supp. 2d 843, 848 (D. Minn. 2012). The plaintiff in *Hile* initially named the parent company in his charge, then three years later filed a charge naming the franchise locations where he alleged specific discrimination. *Id.* The later charges were held to relate back because they "did not change the nature of the alleged discrimination or the locations of the alleged misconduct, but simply corrected the names of the respondents from the franchisor to the franchises." *Id.* The court recognized that leniency was appropriate in the case because "companies often have complex ownership structures not immediately apparent to outsiders . . . ." *Id.*

Like with the franchises in *Hile*, PESG did not turn up "out of the blue" in the February 2016 charge. PESG appears on the 2015 charge, albeit not in the perfect location. Plaintiff's subsequent additions merely included contact information and detail about PESG's role in the discrimination. Specifically, Plaintiff made it clearer that PESG joined in the discrimination by removing him from the substitute teacher list and not investigating complaints. Also similar to the

---

of the original charge," not that it was a clarification. 754 F. Supp. 563, 566-67 (S.D. Ohio 1990).

plaintiff in *Hile*, Plaintiff's "mistake" in filling out the 2015 charge was due to the somewhat complex relationship between himself and the parties. Plaintiff's good-faith understanding of the business relationship between PESG and WISD was that they were "joint-employers" who should be placed on the same line. Therefore, the charge will be considered a clarifying amendment that will relate back to the 2015 charge. Accordingly, the Motion fails.

## V. CONCLUSION

For the reasons discussed above, the Defendants' Motion [33] is **DENIED**.

IT IS SO ORDERED.

Dated: August 1, 2016                              s/Gershwin A. Drain
                                                   GERSHWIN A. DRAIN
                                                   United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on **August 1, 2016.**

                                   s/Shawna Burns on behalf of Tanya R. Bankston
                                   TANYA R. BANKSTON
                                   Case Manager & Deputy Clerk